UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE M. CURTIS,<br><br>    Plaintiff,<br><br>    v.<br><br>TRANSAMERICA PREMIER LIFE INSURANCE COMPANY et al.,<br><br>    Defendants. | Case No. 2:23-cv-01413-MCS-AGR<br><br>**ORDER RE: PLAINITFF'S MOTION TO REMAND (ECF No. 16) AND DEFENDANTS' MOTION TO DISMISS (ECF No. 15)** |

Plaintiff Suzanne M. Curtis, appearing pro se, filed a motion to remand this case to state court. (Mot. to Remand, ECF No. 16.) Defendants Transamerica Premier Life Insurance Company and Transamerica Life Insurance Company (collectively, "Defendants")[1] opposed the motion, (Mot. to Remand Opp'n, ECF No. 20), and Plaintiff replied, (Mot. to Remand Reply, ECF No. 25). Separately, Defendants filed a motion to dismiss Plaintiff's claims. (Mot. to Dismiss, ECF No. 15.) Plaintiff opposed

---

[1] Defendants note that Transamerica Premier Life Insurance Company merged with and into Transamerica Life Insurance Company "effective October 1, 2020 and is now known (n/k/a) as TLIC." (Mot. to Remand Opp'n 2 n.2.) For the purposes of this Order, the Court refers to them as separate entities.

1

the motion to dismiss, (Mot. to Dismiss Opp'n, ECF No. 21), and Defendants replied, (Mot. to Dismiss Reply, ECF No. 24). The Court heard oral argument on May 1, 2023.

## I. BACKGROUND

According to the Complaint, Plaintiff purchased a home in October 1988. (Not. of Removal 35, ECF No. 1.)[2] When Plaintiff purchased her home, she also took out a mortgage disability policy (the "Policy"), which she alleges had a forty-year term set to expire in October 2028. (*Id.*) Plaintiff states that at some point, her monthly premiums were increased from $10.89 per month to $24.41 per month. (*Id.* at 35, 37, 39–40.) The Complaint also alleges that the insurer for the Policy changed over the years and that at some unknown point, American General Assurance Company ("AGAC") and then Transamerica Premier Life Insurance Company took over the Policy. (*Id.* at 36–37, 73–74.) Plaintiff continued making monthly payments after the premiums were raised, but she alleges that because of the improper increase, the Policy was paid in full by 2018. (*Id.* at 37.)

In March 2018, Plaintiff stopped receiving invoices for the Policy, although she continued remitting payment using old invoices. (*Id.* at 41.) On May 19, 2018, Plaintiff called AGAC to request her monthly invoices so she could remit payment. (*Id.* at 45.) "The clerk who answered stated that the policy had been cancelled retroactively as of 2011," and refused to send an invoice. (*Id.* (emphasis removed).) On May 25, 2018, Plaintiff sent a letter to AGAC documenting the call. (*Id.* at 45, 114.) The letter stated, "If I don't receive IMMEDIATELY a statement from you clarifying that this policy has not been cancelled, and if I do not receive IMMEDIATELY the premium invoice for the month of May of 2018 (and also June of 2018), I will take action against you." (*Id.* at 114.)

On June 11, 2018, Luann Dorais, a former Transamerica Life Insurance Company

---

[2] For ease of reference, the Court uses the pagination supplied by the CM/ECF system for citations of the Notice of Removal.

("TLIC") employee, sent Plaintiff a letter stating that the Policy terminated in 2011, the year that Plaintiff turned 65. (*Id.* at 42; *see* Mot. to Dismiss 1.) Plaintiff filed the instant action in Los Angeles County Superior Court on November 23, 2022, claiming breach of contract and fraud. (*Id.* at 28–29.) Plaintiff seeks damages of $7,758.87, interest thereon in the amount of $42,177.04, attorney's fees, mailing costs of $470.50, and exemplary damages. (*Id.* at 29.) On February 24, 2023, Defendants removed the case to this Court.

## II.  LEGAL STANDARDS

### A.  Removal Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (internal quotation marks omitted). In this inquiry, courts may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive*

*Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks omitted).

### B. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "A complaint may be dismissed for failure to state a claim only when it fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Reviewing a motion to dismiss, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the non-moving party. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). At the same time, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## III. ANALYSIS

Because "[t]he requirements of subject matter jurisdiction are absolute, and federal courts cannot act where there is no subject matter jurisdiction," *Trader Joe's Co. v. Hallatt*, No. C13-768 MJP, 2013 WL 12073233, at *2 (W.D. Wash. Oct. 28, 2013) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)), the Court begins its analysis by examining whether Defendants have shown the Court has original jurisdiction over this case, *see* 28 U.S.C. § 1441(a).

Defendants made a sufficient showing that complete diversity between the parties is present. (*See* Mot. to Remand Opp'n 3–5; Not. of Removal 2–5.) Plaintiff only disputes the citizenship of Transamerica Premier Life Insurance Company and American International Group. (Mot. to Remand 4.) Plaintiff resides in California, (Not. of Removal 35), and is thus presumptively domiciled in and a citizen of California, *Anderson v. Watt*, 138 U.S. 694, 706 (1891). Transamerica Premier Life Insurance Company merged with and into TLIC effective October 1, 2020. (Mot. to Remand Opp'n 2 n.2.) Defendants supplied sufficient evidence to conclude that at the time this suit was commenced, TLIC "was incorporated in Iowa with its principal address in Cedar Rapids, Iowa," (Mot. to Remand Opp'n 3–4; *see* Murray Decl. ¶ 2 & Ex. 1, ECF No. 1-1), and that American International Group is incorporated under the laws of Delaware with its principal place of business in New York, New York, (Not. of Removal 4; Murray Decl. ¶ 5 & Ex. 4.) As a result, the Court concludes that the parties are completely diverse.

Defendants have not demonstrated that the amount in controversy exceeds the jurisdictional threshold. Defendants argue that "where the validity of an insurance policy containing disability benefit provisions is involved in a diversity action in a federal district court, future potential benefits may be considered in computing the requisite jurisdictional amount." (Mot. to Remand Opp'n 7 (quoting *Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996)).) Defendants assert that "the monthly disability benefit is $1,000" under the Policy, meaning "the face value of the disability benefits in dispute from August 2011 (the date the Policy was allegedly improperly cancelled) through October 2028 (the date Plaintiff claims the Policy should remain in force), or 260 months, is $260,000." (*Id.* at 11.) In the alternative, Defendants argue that "the amount of future disability benefits in dispute as of the date of the filing of the Complaint in November of 2022 through October 2028, or 71 months, is $71,000." (*Id.*)

At the hearing, Plaintiff disputed that the monthly benefit under the Policy is $1,000. On June 11, 2018, in response to Plaintiff's May 25, 2018 letter, Transamerica

Premier Life Insurance Company sent a copy of what it claimed was Plaintiff's policy. (Not. of Removal 116.) Although the proffered policy includes Plaintiff's name and states the "Insured Mo. Payment" is $1,000.80, the effective date is listed as "10/01/1995." (*Id.* at 117.) The proffered policy also reflects a monthly premium of $16.75. (*Id.*) Defendants submitted a declaration from Brian Forsyth, a TLIC employee, clarifying that he does not claim the proffered policy appended to the June 11, 2018 letter was the one Plaintiff had agreed to, but he instead states the proffered policy "contained the same terms and conditions as the group policy issued to Plaintiff before Transamerica Premier Life Insurance Company ('TPLIC') assumed the mortgage disability insurance business from American General Insurance Company." (Forsyth Decl. ¶ 2, ECF No. 20-2.)

Defendants cite no binding authority suggesting that a defendant's employee's declaration is sufficient, without more, to establish the face value of an insurance policy in a case removed from state court. (*See* Mot. to Remand Opp'n 11 n.5 (citing cases from the Tenth and Seventh Circuits).) The Forsyth declaration notwithstanding, there are also reasons a person might reasonably question the validity of the proffered policy. First, the October 1995 effective date appears arbitrary. Defendants do not explain why a policy taken out in 1988 would reflect an "effective date" beginning in 1995. Further, Defendants make no effort to explain the inconsistency between the monthly premium listed on the proffered policy and the monthly premiums Plaintiff claims she paid. The proffered policy reflects a monthly premium of $16.75, (Not. of Removal 117), which does not accord with the $10.89 or $24.41 monthly payments Plaintiff alleges she was charged, (*id.* at 35, 37, 39–40).

Accordingly, Defendants' evidence concerning the face value of the Policy is insufficient to establish the jurisdictional threshold has been satisfied. At the hearing, Plaintiff vehemently disputed that the proffered policy contained the same terms as the Policy she agreed to when purchasing her home. Defendants' counterargument is supported by a single, half-page declaration from a TLIC employee attesting to the

proffered policy's applicability to this case. (*See generally* Forsyth Decl.) In essence, Defendants ask the Court to take their word over Plaintiff's. As the party asserting jurisdiction, Defendants have an obligation to provide sufficient support to overcome the strong presumption against removal jurisdiction. *See Placer Dome*, 582 F.3d at 1087. Given there is a dispute as to the applicability of the proffered policy, and the information contained in the proffered policy gives rise to reasonable questions as to its applicability, the Court concludes that Defendants have not met their burden of establishing by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino*, 506 F.3d at 699 (internal quotation marks omitted).

This conclusion is not altered by the fact that Plaintiff requested compensatory and punitive damages in her Complaint.[3] "[T]he mere possibility of a punitive damages award is insufficient to prove that the amount-in-controversy requirement has been met. Defendant must present evidence that punitive damages *will more likely than not* exceed the amount needed to increase the amount in controversy to $75,000." *Burk v. Med.*

---

[3] Plaintiff argues the Court should not consider her request for punitive damages as part of the jurisdictional analysis "because the Fraud claim has passed the three year statute of limitation." (Mot. for Remand 8.) This argument is unavailing. "The amount in controversy represents only the amount at stake in the underlying litigation, not the likely liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) (internal quotation marks omitted). Further, "[i]t is well-settled that statutes of limitations are affirmative defenses." *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 913 (E.D. Cal. 2017) (internal quotation marks omitted). At most, "the strength of any defenses indicates the likelihood of the plaintiff prevailing; it is irrelevant to determining the amount that is at stake in the litigation." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 928 (9th Cir. 2019). Accordingly, "just because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010). Even though Plaintiff concedes the merits of Defendants' affirmative defense, the Court does not consider the applicability of any statute of limitations defense in its jurisdictional analysis.

proffered policy's applicability to this case. (*See generally* Forsyth Decl.) In essence, Defendants ask the Court to take their word over Plaintiff's. As the party asserting jurisdiction, Defendants have an obligation to provide sufficient support to overcome the strong presumption against removal jurisdiction. *See Placer Dome*, 582 F.3d at 1087. Given there is a dispute as to the applicability of the proffered policy, and the information contained in the proffered policy gives rise to reasonable questions as to its applicability, the Court concludes that Defendants have not met their burden of establishing by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino*, 506 F.3d at 699 (internal quotation marks omitted).

This conclusion is not altered by the fact that Plaintiff requested compensatory and punitive damages in her Complaint.[3] "[T]he mere possibility of a punitive damages award is insufficient to prove that the amount-in-controversy requirement has been met. Defendant must present evidence that punitive damages *will more likely than not* exceed the amount needed to increase the amount in controversy to $75,000." *Burk v. Med.*

---

[3] Plaintiff argues the Court should not consider her request for punitive damages as part of the jurisdictional analysis "because the Fraud claim has passed the three year statute of limitation." (Mot. for Remand 8.) This argument is unavailing. "The amount in controversy represents only the amount at stake in the underlying litigation, not the likely liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) (internal quotation marks omitted). Further, "[i]t is well-settled that statutes of limitations are affirmative defenses." *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 913 (E.D. Cal. 2017) (internal quotation marks omitted). At most, "the strength of any defenses indicates the likelihood of the plaintiff prevailing; it is irrelevant to determining the amount that is at stake in the litigation." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 928 (9th Cir. 2019). Accordingly, "just because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010). Even though Plaintiff concedes the merits of Defendants' affirmative defense, the Court does not consider the applicability of any statute of limitations defense in its jurisdictional analysis.

*Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004) (citation omitted) (emphasis added). In their notice of removal, Defendants cite five cases for the proposition "that exemplary damage awards in insurance disputes can be significant and often well exceed $75,000." (Not. of Removal 7–8.) None of the cases cited by Defendants involve analogous facts and are thus unpersuasive evidence that "punitive damages will more likely than not" exceed the jurisdictional threshold. *Burk*, 348 F. Supp. 2d at 1069. Further, at oral argument, Defendants' counsel acknowledged that the prayer for damages, without more, was unlikely to satisfy the jurisdictional threshold in this case. Even factoring in compensatory and punitive damages, Defendants must still present evidence of the actual face value of the policy to establish the jurisdictional amount-in-controversy threshold has been satisfied by a preponderance of the evidence. *Guglielmino*, 506 F.3d at 699.

Defendants request that

> [t]o the extent there is any doubt in the Court's mind as to the value of the monthly benefit under the Policy, the removing Defendants request that the Court permit limited discovery to obtain this evidence (either from Plaintiff directly or from the prior insurer or bank that may hold a copy of the original application and schedule of benefits).

(Mot. to Remand Opp'n 12 n.6.) "Jurisdictional discovery is permissible when the Court is unable to determine, on the existing record, whether it has jurisdiction." *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 985 (S.D. Cal. 2005); *see also Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("Although a refusal to grant discovery to establish jurisdiction is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction, discovery should be granted when, as here, the jurisdictional facts are contested or more facts are needed." (internal quotation marks omitted)).

///

The Court finds that additional discovery could provide evidence to establish the jurisdictional amount-in-controversy threshold is satisfied prior to remand. Accordingly, the Court GRANTS Defendants' request for limited jurisdictional discovery.

## IV. CONCLUSION

The parties have 75 days from the date of this Order to complete jurisdictional discovery. Discovery is limited only to the narrow issue of the amount in controversy. The 75-day deadline is not the date by which discovery requests must be served; it is the date by which all discovery, including all hearings on any related motions, must be completed. Thus, all discovery-related matters must begin sufficiently in advance of the jurisdictional discovery cutoff date to permit the discovering party enough time to challenge via motion practice responses deemed to be deficient. Given the requirements to meet and confer and to give notice, in most cases a planned motion to compel must be discussed with opposing counsel at least six weeks before the cutoff. The parties are reminded that in the absence of "*compelling* factual support, requests to continue dates set by this Court will not be approved." (Initial Standing Order § 4, ECF No. 8 (emphasis added).)

Defendants shall file a surreply addressing the jurisdictional question no later than 90 days from the date of this Order. Plaintiff may file a sur-surreply within 14 days of Defendants' surreply. The matter will stand submitted upon Plaintiff's filing of the sur-surreply or the expiration of her time to do so. For administrative purposes only, the Court directs the Clerk to terminate the motion to remand (ECF No. 16) during the jurisdictional discovery period.

///
///
///

Defendants have not established the Court has subject-matter jurisdiction over this case, and "federal courts cannot act where there is no subject matter jurisdiction." *Hallatt*, 2013 WL 12073233, at *2. Accordingly, Defendants' motion to dismiss is DENIED without prejudice. Should the Court conclude it has subject-matter jurisdiction, Defendants shall respond to Plaintiff's Complaint within 14 days of the Court's order denying Plaintiff's motion to remand. Defendants are entitled to move to dismiss Plaintiff's Complaint on any basis identified in the Federal Rules of Civil Procedure, including those raised in the instant motion to dismiss, (ECF No. 15).

**IT IS SO ORDERED.**

Dated: May 24, 2023

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE